J. S58038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTONYO MONTEZ HARRIS, | : | No. 690 WDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 12, 2018,
in the Court of Common Pleas of Venango County
Criminal Division at No. CP-61-CR-0000352-2016

BEFORE: OLSON, J., MURRAY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 30, 2018**

Antonyo Montez Harris appeals from the April 12, 2018 order denying his petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Contemporaneously with this appeal, PCRA counsel has requested leave to withdraw. After careful review, we find PCRA counsel's petition satisfies the requirements of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***). Accordingly, we grant PCRA counsel leave to withdraw and affirm the order of the PCRA court.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows. On November 21, 2016, appellant pled guilty to corrupt organizations, criminal use of a communication facility, and

two counts of delivery of a controlled substance[1] in connection with his sale of heroin in Oil City, Pennsylvania. That same day, appellant also pled guilty to aggravated harassment by prisoner[2] in connection with an incident where he spit on a correctional officer at the Venango County Jail. On February 7, 2017, the trial court sentenced appellant to an aggregate term of 93 to 300 months' imprisonment. Neil E. Rothschild, Esq. ("trial counsel"), represented appellant during his guilty plea hearing and sentencing. Appellant did not file a direct appeal with this court.

On June 1, 2017, appellant filed a **pro se** PCRA petition and Eric Padin, Esq. ("PCRA counsel"), was appointed to represent him. PCRA counsel did not file an amended PCRA petition on appellant's behalf. Following an evidentiary hearing, the PCRA court entered an order on April 12, 2018 denying appellant's petition. Although still represented by counsel, appellant filed a timely **pro se** notice of appeal and an accompanying Pa.R.A.P. 1925(b) statement on May 7, 2018. On May 9, 2018, the PCRA court directed PCRA counsel to file an amended Rule 1925(b) statement on appellant's behalf within 21 days. PCRA counsel timely complied on May 29, 2018. Thereafter, on June 4, 2018, PCRA counsel filed a statement of intent to file a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and

---

[1] 18 Pa.C.S.A. §§ 911(b)(4), 7512(a), and 35 P.S. § 780-113(a)(30), respectively.

[2] 18 Pa.C.S.A. § 2703.1.

*Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981). On June 7, 2018, the PCRA court filed a one-page Rule 1925(a) opinion indicating that it was relying on the reasoning set forth in its April 12, 2018 opinion in support of its order dismissing appellant's PCRA petition. (*See* Rule 1925(a) opinion, 6/7/18 at 1.) Thereafter, on July 25, 2018, PCRA counsel filed a petition to withdraw, improperly couched as a *Anders*/*McClendon* brief. Appellant did not file a *pro se* response to PCRA counsel's petition.

PCRA counsel raises the following claim on appellant's behalf:

> Did the PCRA court err in determining that [a]ppellant's prior record score was correctly calculated to be a five (5)?
>
> . . . .
>
> Appellant asserts that his Prior Record Score was four (4) and claims that his trial counsel was ineffective for failing to object to his Prior Record Score calculation.

*Anders* brief at 5, 7.

Prior to considering appellant's arguments, we must address PCRA counsel's "no-merit" letter and petition to withdraw from representation. In *Commonwealth v. Muzzy*, 141 A.3d 509 (Pa.Super. 2016), a panel of this court reiterated the procedure to be followed when PCRA counsel seeks permission to withdraw from representation:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [*Turner*/*Finley*] and . . . must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on

> appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> . . . .
>
> Where counsel submits a petition and no[-]merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Muzzy*, 141 A.3d at 510-511 (some bracketed internal citations amended; case citations omitted).

Herein, we find that PCRA counsel's filing with this court, while couched as an *Anders* brief, complied with the requirements of *Turner*/*Finley*. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004) (holding that although "[a] *Turner*/*Finley* no[-]merit letter is the appropriate filing [in a PCRA proceeding,] . . . because an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter"), *appeal denied*, 882 A.2d 477 (Pa. 2005). Specifically, PCRA counsel's brief and

petition to the court detailed the nature and extent of his review. PCRA counsel first identified the pertinent factual and procedural history and examined the issue appellant raised in his PCRA petition. (**Anders** brief at 6-7.) Thereafter, PCRA counsel explained the reasons why appellant's underlying sentencing claim lacked arguable merit and concluded that trial counsel had no reasonable basis to object to appellant's prior record score at sentencing. (**Id.** at 7-8.) Lastly, the record reflects that counsel served appellant with a copy of his petition to withdraw and advised appellant of his right to proceed **pro se** or with the assistance of privately retained counsel. (**See** "Petition for Leave to Withdraw as Counsel," 7/25/18 at Exhibit A.) We find that counsel's request for leave to withdraw from representation satisfies the requirements of **Turner**/**Finley**. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003) (stating that substantial compliance with requirements will satisfy the **Turner**/**Finley** criteria). Accordingly, we must now conduct our own review of the record and render a decision as to whether the appeal is without merit.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding."

***Commonwealth v. Patterson***, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted).  In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2).  Further, these issues must be neither previously litigated nor waived.  42 Pa.C.S.A. § 9543(a)(3).

Appellant's challenge implicates the ineffectiveness of his trial counsel during his plea.  It is well settled that allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief **only if** the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.  ***See Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa.Super. 2017) (stating, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." (citation omitted)).  In ***Commonwealth v. Willis***, 68 A.3d 997 (Pa.Super. 2013), a panel of this court explained that the PCRA will provide relief to an appellant if ineffective assistance of counsel caused him to enter an involuntary guilty plea.  ***Id.*** at 1001-1002. We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under Section 9543(a)(2)(ii) of the PCRA.  To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no

reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

Here, the crux of appellant's claim is that trial counsel was ineffective in failing to object to the calculation of his prior record score, and as a result, he was induced into entering "an unknowing plea based on his reliance on counsel's assurance that [he] would receive a sentence no greater than 240 months." (*Pro se* PCRA petition, 6/1/17 at 11; *see also Anders* brief at 7-8.)

This court has explained that in order to ensure a voluntary, knowing, and intelligent plea, the trial court, at a minimum, must ask the following questions during the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?

> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Zeigler*, 112 A.3d 656, 660 (Pa.Super. 2015) (citation omitted). Lastly, we recognize that "[a] defendant is bound by the statements which he makes during his plea colloquy. As such, a defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea." *Orlando*, 156 A.3d at 1281 (citations and internal quotation marks omitted).

Upon review, we find that appellant's contention that he was induced to plead guilty because of trial counsel's purported ineffectiveness is belied by the record. On November 21, 2016, the trial court conducted an extensive guilty plea colloquy, wherein appellant testified that he understood the nature of the charges to which he was pleading guilty, his right to a jury trial, and the fact that he is presumed innocent until found guilty. (Notes of testimony, 11/21/16 at 6-8, 24.) Appellant also indicated that he could read and write English proficiently, was not under the influence of drugs or alcohol, and was not undergoing treatment for mental illness. (*Id.* at 6, 9.) Thereafter, appellant was provided a factual basis for the guilty plea. (*Id.* at 10-13.) The trial court also informed appellant of the elements of the offenses to which he was pleading guilty, as well as the permissible ranges

of sentences for each charge, **based upon a prior record score of 5**. (***Id.*** at 13-20 (emphasis added).) Appellant further indicated that he was entering a guilty plea of his own free will and understood that the trial court was not bound by the terms of the plea agreement unless it decided to accept such agreement. (***Id.*** at 20, 25.) During the colloquy, appellant indicated that he read and thoroughly discussed the plea agreement with trial counsel; that he had a full and complete understanding of his plea agreement; and did not have any questions with regard to the agreement. (***Id.*** at 21, 25.) Appellant also testified that he discussed his case with trial counsel, that no one had threatened, forced, or induced him to plead guilty, and that he was satisfied with trial counsel's advice and representation. (***Id.*** at 22-23.) Moreover, it appears from a review of the record that the correct prior record score was in fact a five.

Based upon the foregoing, we cannot agree that trial counsel's purported ineffectiveness induced appellant to enter an unknowing, unintelligent, and involuntary guilty plea. "The law does not require that [appellant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1192 (Pa.Super. 2010) (citation omitted), ***appeal denied***, 9 A.3d 626 (Pa. 2010). Having conducted an independent review of the record in this case, we discern no other issues of arguable merit.

J. S58038/18

Accordingly, we grant PCRA counsel's petition to withdraw and affirm the April 12, 2018 order of the PCRA court.

Order affirmed.  Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2018

- 10 -